# September Term, 1955

---

## No. 17,537.

### Morris Schtul *v.* Peter N. Christ.
(287 P. [2d] 661)

Decided September 12, 1955.   Rehearing denied October 3, 1955.

Mr. James E. Griffith, Mr. Philip Hornbein, for plaintiff in error.

Mr. Earl J. Hower, Mr. Harold H. Harrison, for defendant in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the Court.

THIS is a proceeding to review the action of the district court of Adams County in setting aside a default and judgment previously entered for plaintiff against the defendant. In the trial court the plaintiff in error was plaintiff and the defendant in error was defendant.

The plaintiff Schtul leased lands in Adams County to the defendant, Christ, by a written instrument containing certain covenants.

On November 17, 1953, plaintiff filed suit in the district court of Adams County against defendant for damages for alleged breaches of the lease covenants. After service of summons, the defendant failing to appear, a default was entered against defendant on December 28, 1953. On January 18, 1954, the court heard evidence and entered a default judgment for plaintiff against defendant for $7000.00.

On May 20, 1954, defendant Christ filed his motion to quash the service of the summons; the court found the service of summons was valid and denied the motion to quash. On June 1, 1954, defendant Christ filed his verified motion to set aside the default entered December 28, 1953, and the judgment entered January 18, 1954, specifying grounds therefor. On June 21, 1954, the court granted defendant's motion and set aside the default and judgment previously entered and granted defendant twenty days to file his answer. The plaintiff Schtul brings this writ of error to review the action of the trial court in granting the defendant's motion and setting aside the default and judgment.

As grounds for reversal plaintiff urges:

1. The trial court abused its discretion in setting aside the default entered December 28, 1953, and the judgment entered January 18, 1954, in that:

a. Defendant has shown no excusable neglect or other

ground for failure to appear in the case before default and judgment were taken.

b. The defendant has made no showing that he has a meritorious defense.

c. The defendant wasn't diligent in seeking to set aside the default and judgment as required.

The order of the trial court in setting aside its former judgment is not a final judgment, therefore, the present writ of error is premature. The record now before us fails to show final judgment as required by R.C.P., Rule 111. Although this issue was not raised in the specification of points by the parties, this Court must take cognizance of the record as presented.

The writ of error is dismissed.